

In re:  Case No. 25-14248-djb

    Brianna De La Cruz,  Chapter 7

          Debtor.

**Debtor's Motion to Disapprove Reaffirmation Agreement with American Airlines Federal Credit Union but Permit Retention of Collateral Under Certain Circumstances**

**AND NOW**, Debtor Brianna De La Cruz, through her attorney, moves for the entry of an order disapproving a reaffirmation agreement but permitting retention of the subject collateral under certain circumstances.

**I.     Jurisdiction**

    1.    The Court has jurisdiction under 28 U.S.C. § 1334 and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

    2.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

    3.    The Debtor consents to the entry of a final order by the Court.

    4.    Venue is proper under 28 U.S.C. § 1409.

**II.    Background**

    5.    The Debtor filed a voluntary petition for relief under chapter 7 on October 21, 2025.

    6.    On or about August 1, 2024, the Debtor entered into a retail installment contract for purchase of a 2021 BMW X7, VIN 5UXCW2C09M9H82756 (the "Vehicle"). The contract was assigned to American Airlines Federal Credit Union (the "Creditor"), and the Debtor remains indebted under its terms until the Court enters a discharge under 11 U.S.C. § 727(a).

7. The Debtor timely filed a statement of intention indicating her intent to retain the Vehicle and continue making payments to the Creditor.

8. However, the Creditor has informed the Debtor that it will repossess the Vehicle upon discharge if the Debtor does not execute a reaffirmation agreement of the kind specified in 11 U.S.C. §524(c).

9. To prevent repossession of the Vehicle, the Debtor reluctantly executed the reaffirmation agreement filed at ECF No. 11.

### III. Relief Requested

10. Because reaffirmation agreements are widely disfavored as contrary to the fresh start that bankruptcy is intended to provide, it is appropriate for the Court to enter an order disapproving the reaffirmation agreement but allowing the Debtor to retain the Vehicle so long as she continues to make timely payments to the Creditor and otherwise complies with the loan terms. See In re Moustafi, 371 B.R. 434 (Bankr. D. Ariz. 2007); Coastal Federal Credit Union v. Hardiman, 398 B.R. 161 (W.D. N. Car. 2008); In re Pearce, 2025 WL 3737782, (Bankr. E.D. Pa. May 2, 2025) (Chan, C.B.J.).

11. The requested relief, commonly known as a "Moustafi Order," will enable the Debtor to preserve her fresh start by absolving her of personal liability in the event of default.

**FOR THOSE REASONS,** the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: December 30, 2025        **SADEK LAW OFFICES LLC**
*Attorney for Debtor*

By: /s/ Michael I. Assad
    Michael I. Assad (#330937)
    1500 JFK Blvd., Suite 220
    Philadelphia, PA 19102
    215-545-0008
    michael@sadeklaw.com

3