

United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  　　　　　　　　　　　　　　　　　　Case No. 25-14248-djb

　　Brianna De La Cruz,　　　　　　　　　　Chapter 7

　　　　　　　Debtor.

**Order Disapproving Reaffirmation Agreement with American Airlines Federal Credit Union but Permitting Retention of Collateral Under Certain Circumstances**

**AND NOW**, upon consideration of the *Motion to Disapprove Reaffirmation Agreement with American Airlines Federal Credit Union but Permit Retention of Collateral Under Certain Circumstances* filed by Debtor Brianna De La Cruz, after notice and hearing, the court finds that:

A.　The Debtor has complied with the requirements of 11 U.S.C. §§ 362(h), 521(a)(2), and 521(a)(6) by timely executing a reaffirmation agreement with American Airlines Federal Credit Union (the "Creditor") with respect to the 2021 BMW X7, VIN 5UXCW2C09M9H82756 (the "Collateral").

B.　It is not in the Debtor's best interest to reaffirm the debt.

For those reasons and for other good cause shown, it is hereby **ORDERED** that:

1.　The Motion is **GRANTED**.

2.　The reaffirmation agreement filed at ECF No. 11 is **DISAPPROVED**.

3.　11 U.S.C. § 521(d), which makes "ipso facto default" clauses enforceable, does not apply in this case. See In re Moustafi, 371 B.R. 434 (Bankr. D. Ariz. 2007).

4.　The Creditor may not repossess the Collateral based solely on the Debtor having filed this bankruptcy case.

5.　The Debtor may retain the Collateral so long as she continues to make timely voluntary payments and satisfy all other obligations as provided in the loan agreement.

6.　Acceptance of voluntary payments from the Debtor is not a violation of 11 U.S.C. § 524(a)(2).

7.　The Creditor must continue sending statements to the Debtor and continue to accept payments until either:

  a. the Creditor is notified in writing by the Debtor to cease sending such statements or taking funds from the Debtor's bank accounts;

  b. the Creditor repossesses the Collateral and disposes of it under applicable nonbankruptcy law; or

  c. the secured obligation is paid in full.

8. If the Debtor retains the Collateral and thereafter defaults on her obligations as set forth in the loan documents, the Creditor may recover the debt by enforcing its <u>in rem</u> rights against the Collateral under applicable nonbankruptcy law. Such collection may include written, electronic, and telephonic communication to notify the Debtor of any default and the Creditor's intent to repossess the Collateral unless the default is cured.

9. The Creditor must not take, or threaten to take, any action to recover the debt as a personal liability of the Debtor unless this case is dismissed or closed without a discharge.

10. The court retains jurisdiction to enforce and interpret this order, including after closing of this case, pursuant to its inherent authority under 11 U.S.C. § 105(a) and its ancillary jurisdiction to effectuate its prior orders.

Date:

                Derek J. Baker
                U.S. Bankruptcy Judge


CC: American Airlines Federal Credit Union
   14050 FAA Blvd.
   Fort Worth, TX 76155