MIKE ASSAD
215-545-0008
michael@sadeklaw.com

**Sadek Law Offices, LLC**
1500 JFK Boulevard, Suite 220
Philadelphia, PA 19102

February 10, 2026

**VIA CM/ECF**
Hon. Derek J. Baker
U.S. Bankruptcy Court
900 Market Street
Philadelphia, PA 19107

Re: In re Brianna De La Cruz, Debtor.
Case No. 25-14248-djb
Chapter 7

**Brief in Support of Debtor's Motion to Disapprove Reaffirmation Agreement with American Airlines Federal Credit Union but Permit Retention of Collateral Under Certain Circumstances**

Dear Judge Baker:

Please accept this letter in lieu of a more formal brief in support of Debtor Brianna De La Cruz's Motion to Disapprove Reaffirmation Agreement with American Airlines Federal Credit Union but Permit Retention of Collateral Under Certain Circumstances.

The Debtor asks the Court to disapprove the reaffirmation agreement while allowing her to retain her 2021 BMW X7, so long as she continues timely voluntary payments and otherwise complies with the loan terms. The Debtor timely filed her statement of intention under 11 U.S.C. § 521(a)(2), executed and filed a reaffirmation agreement with American Airlines Federal Credit Union, and has remained current on all contractual obligations. Because she has complied with the statutory requirements of 11 U.S.C. §§ 362(h), 521(a)(2), and 521(a)(6), the Debtor filed this

Motion seeking relief consistent with that compliance. AAFCU was properly served with the Motion and notice of hearing but filed no objection or other responsive pleading within the time allowed.

At a hearing on January 27, 2026, the Court indicated its intent to disapprove the reaffirmation agreement but raised two concerns about the remaining relief requested: (1) whether it is consistent with the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 as interpreted by Judge Jean K. FitzSimon of this Court in In re Rice, 2007 WL 781893 (Bankr. E.D. Pa. Mar. 12, 2007); and (2) whether the Court has authority to grant it under Law v. Siegel, 571 U.S. 415 (2014). The Debtor will address each concern in turn.

**I. BAPCPA permits retention where a debtor has fully complied with the Bankruptcy Code, and Rice does not hold otherwise.**

Before BAPCPA, courts widely recognized a common law ride-through option that enabled debtors to keep personal property secured by a lien so long as they continued making payments to the secured lender. See, e.g., In re Price, 370 F.3d 362 (3d Cir. 2004); see also Amber J. Moren, Debtor's Dilemma: The Economic Case for Ride-Through in the Bankruptcy Code, 122 Yale L.J. 1594, 1598–99 (2013).

BAPCPA amended §§ 521 and 362 to limit that broad common law ride-through for personal property where debtors fail to comply with their duties under § 521(a)(2) and § 521(a)(6). Rice concluded that this amendment was evidence of Congress's deliberate intent to categorically eliminate ride-through entirely. Rice, 2007 WL 781893, at *1–2. But Congressional intent cannot credibly be drawn by inference from a bill that was rushed through Congress with little debate and

numerous drafting errors, including "spelling errors, erroneous statutory cross-references, incorrect grammar and terminology references, and mistakes in punctuation." Cong. Rec. H7158 (daily ed. Sept. 28, 2010) (Statement of Rep. Scott).

More importantly, Rice is distinguishable on its facts. The debtor in Rice never executed a reaffirmation agreement and thus failed to satisfy § 521(a)(6). The Debtor here did the opposite: she timely filed her statement of intention, executed and filed a reaffirmation agreement, and remains current on all contractual obligations. Full compliance with §§ 521(a)(2), 521(a)(6), and 362(h) places this case in a fundamentally different posture. That distinction matters for § 521(d), which enforces ipso facto clauses when a debtor fails to comply with the statute, not when a court disapproves a reaffirmation agreement. Had Congress intended § 521(d) to apply in cases of disapproval rather than noncompliance, it would have said so. See Iselin v. United States, 270 U.S. 245 (1926).

Here, no enforceable reaffirmation will exist because the Court intends to disapprove it, and the Debtor has otherwise fully complied with the Bankruptcy Code. Section 521(d) therefore does not apply. See In re Moustafi, 371 B.R. 434, 436 (Bankr. D. Ariz. 2007); In re Blakeley, 363 B.R. 225, 232 (Bankr. D. Utah 2007).

## II. Because the proposed order gives effect to the Bankruptcy Code rather than overriding it, Siegel does not bar relief.

In Siegel, the Supreme Court held that a bankruptcy court may not use § 105(a) or inherent powers to take actions expressly prohibited by other Code provisions. There, the court surcharged

a homestead exemption to pay administrative expenses, a direct violation of § 522(k)'s express statutory limit protecting exempt property. Siegel, 571 U.S. at 421–25.

The proposed order here does nothing of the kind. It does not override any statutory text; it implements the Code in a case of full debtor compliance. The order: (1) disapproves the reaffirmation agreement within the Court's discretion under § 524(c); (2) declares § 521(d) inapplicable absent an enforceable reaffirmation; (3) prohibits repossession based solely on the bankruptcy filing, preventing ipso facto enforcement where statutory compliance exists under §§ 521 and 362(h); and (4) limits the Creditor to accepting voluntary payments and pursuing in rem remedies upon default.

The requested relief effectuates §§ 521 and 362(h) by giving meaning to the Debtor's statutory compliance while preventing creditor overreach through ipso facto clauses. Unlike the surcharge in Siegel, which contravened an express statutory prohibition, the proposed order aligns with the Code. Courts retain § 105(a) authority to enter orders that carry out the Code's provisions without creating substantive law. That is precisely what this order does.

## III. Conclusion

Congress closed one path to ride-through in BAPCPA, but it left another open. A debtor who complies with every statutory requirement, who files a timely statement of intention, executes a reaffirmation agreement, and remains current on all obligations should not lose her vehicle simply because the Court, acting in her best interest, disapproves the reaffirmation. The proposed order respects BAPCPA and the compliance it demands.

For these reasons, the Court should grant the Motion and enter the proposed order. The Debtor suggests that this matter warrants a memorandum opinion. Because post-BAPCPA caselaw on retention following court disapproval of a reaffirmation agreement is sparse and fragmented, a published opinion from this Court would harmonize existing decisions and provide needed clarity.

The Debtor thanks the Court for the opportunity to brief this matter and for its grace in allowing her an extension of time to do so.

Sincerely,

**SADEK LAW OFFICES, LLC**

Mike Assad